UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KTKSB ENTERPRISES, III, L.L.C.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GREGORY ZOELLER in his official | ) Cause No. 1:13-cv-1031-WTL-TAB |
| capacity as Attorney General of Indiana, | ) |
| THE INDIANA STATE DEPARTMENT | ) |
| OF REVENUE, | ) |
| THE STATE OF INDIANA, | ) |
| VIBO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON THE STATE DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants Gregory Zoeller's, the Indiana State Department of Revenue's, and the State of Indiana's ("the State Defendants") motion to dismiss (dkt. no. 24). The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART** the motion, and **REMANDS** this matter to the Marion County Superior Court, for the reasons set forth below.

### I.     PLAINTIFF'S ALLEGATIONS

In November 1998, a number of states, including Indiana, entered into the Master Settlement Agreement with various tobacco companies. Pursuant to the Master Settlement Agreement, the tobacco companies agreed to make certain annual payments to the states. Rather than adopt the model statutes contained in the Master Settlement Agreement, the Indiana Legislature designed its own set of laws governing how the payments must be made and the

---

[1] It appears Plaintiff's name was misspelled on the removal documents filed with this Court by the State Defendants. **The Court directs the Clerk to change the Plaintiff's name on the Court docket from KTSKB Enterprises, III, LLC to KTKSB Enterprises, III, LLC.**

consequences for failing to make such payments. According to Indiana Code § 24-3-3 *et seq.*, tobacco manufacturers must make payments pursuant to the Master Settlement Agreement as a "participating manufacturer," or they must make payments into a qualified escrow account as a "nonparticipating manufacturer." If a nonparticipating manufacturer fails to make the required payments into the escrow fund, the Attorney General will "delist" the brands of cigarettes manufactured by that company; this means that the brands of cigarettes manufactured by the tobacco company may no longer be sold in Indiana. What's more, even possession of a delisted cigarette brand by a retailer (if the retailer intends to sell the cigarettes) is considered a class C misdemeanor. A retailer, however, is not left without recourse. The statute entitles a retailer to a refund from the tobacco manufacturer for any monies already paid for the delisted cigarettes. Additionally, there is a thirty-day period after the State delists a brand of cigarettes, before any prohibitions are imposed against the retailer. In other words, the retailer may continue to sell the delisted cigarettes during the thirty-day period.

At some point, the Plaintiff KTKSB Enterprises, III, LLC, which operates several discount tobacco stores in Indiana, purchased an undisclosed amount of cigarettes from General Tobacco, a fictitious business entity operated by Vibo Corporation. Thereafter, due to its insolvency, General Tobacco failed to make its required payments to the State as a nonparticipating manufacturer, and the State delisted its cigarettes. General Tobacco also failed to provide any refund to KTKSB. Thus, KTKSB was left with a stockpile of the delisted cigarettes. At some point, the State seized a portion of the delisted cigarettes from KTKSB. KTKSB, however, continues to possess an unknown amount of General Tobacco cigarettes that are now worthless.

As a result of the foregoing, KTKSB filed suit against the State Defendants in state court alleging various state and federal claims. Thereafter, State Defendants removed the matter to this Court by invoking the Court's federal question jurisdiction. An amended complaint followed.

KTKSB now alleges the following counts against the State Defendants: (1) replevin, (2) a violation of the Federal Takings Clause, (3) a violation of the Federal Due Process Clause, (4) a violation of the State Takings Clause, and (5) a violation of Indiana's Due Course of Law Clause (i.e., Indiana's Due Process Clause). The amended complaint also alleges one "alternative" claim against Vibo Corporation seeking a statutory refund under I.C. § 24-3-5.4-14. KTKSB ultimately seeks a:

(a) Declaratory judgment that the taking of cigarettes in Plaintiff's possession that became delisted subsequent to their purchase is a taking without just compensation in violation of the Fifth Amendment of the United States Constitution;

(b) Declaratory judgment that [the] taking of cigarettes in Plaintiff's possession that became delisted subsequent to their purchase violates Plaintiff's right to due process under the Fifth Amendment of the United States Constitution;

(c) Declaratory judgment that the taking of cigarettes in Plaintiff's possession that became delisted subsequent to their purchase is a taking without just compensation in violation of Article I, Section 21 of the Indiana Constitution;

(d) Declaratory judgment that the taking of cigarettes in Plaintiff's possession that became delisted subsequent to their purchase violates Plaintiff's right to due course of law under Article I, Section 12 of the Indiana Constitution;

(e) an award of just compensation for the value of Plaintiff's property, costs and attorney's fees to Plaintiff; [and]

(f) in the alternative, an award of a refund under Ind. Code § 24-3-5.4-14 for the delisted cigarettes.

Compl. at 12-13.

The State Defendants seek to dismiss KTKSB's amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim for which relief can be granted under Rule 12(b)(6). The Court, however, need only examine the State Defendants' 12(b)(6) arguments.

## II. STANDARD

In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n,* 638 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

## III. DISCUSSION

### A. Takings Claims

The Fifth Amendment of the Constitution provides that private property may not be taken for public use without just compensation. This prohibition applies to the States through the Fourteenth Amendment. Similarly, Article 1, Section 21 of the Constitution of the State of Indiana provides that "[n]o person's property shall be taken by law, without just compensation." The State Defendants argue that where, as here, a plaintiff's property was seized pursuant to a state's police powers, there can be no taking for "public use" under either the Fifth Amendment

or the State Takings Clause. The State Defendants cite to *D.C., Inc. v. Missouri ex rel. Mitchell*, 06-4033-CV-C-NKL, 2009 WL 2143742 (W.D. Mo. July 15, 2009) *aff'd in part sub nom. D.C., Inc. v. Missouri*, 627 F.3d 698 (8th Cir. 2010), in support of its position.

In that case, D.C., Inc., which operated several discount tobacco stores, sued the State of Missouri after the State seized cigarettes it believed to be contraband. The state court ultimately determined that the seizure was improper and ordered the state to return the cigarettes.[2] By then, however, the cigarettes were stale and unable to be sold. As a result, D.C. sought damages against the State in federal court arguing, among other things, that the State had violated the Federal Takings Clause. Citing *Acadia Technology, Inc. v. United States*, 458 F.3d 1327 (Fed. Cir. 2006), the district court noted that "where property is seized by state actors pursuant to the State's police power, the property is not seized for 'public use' within the meaning of the Takings Clause, and the property's owner is therefore not entitled to 'just compensation.'" 2009 WL 2143742 at *12. The court further noted "that this rule applied even where the seized property 'is ultimately returned to the owner either because the government does not pursue forfeiture proceedings or because the owner prevails in a forfeiture action.'" *Id.* (citations omitted). The court also discussed *Untied States v. $7,999 in U.S. Currency*, 170 F.3d 843, 845 (8th Cir. 1999), which held that "the forfeiture of contraband is an exercise of the government's police power, not its eminent domain power [and that a] forfeiture is not subject to the Fifth Amendment's Takings Clause when it deprives an innocent owner of his property." 2009 WL 2143742 at *12 (citations omitted) (alteration in original). Pursuant to the foregoing case law, the court concluded that the "Defendants' actions in seizing [D.C.'s] cigarettes clearly were not

---

[2] The Missouri Court of Appeals determined that "the State lacked the authority to seize cigarettes as contraband until a court determined that the cigarettes' manufacturer had violated" the payment statute. *Id.* at 7.

taken pursuant to the State's power of eminent domain. The Defendant agents acted to seize items they in good faith believed to be contraband and subject to seizure and forfeiture under Missouri law, an exercise of the State's police power." *Id.*

The Court agrees with the Western District of Missouri's reasoning in *D.C., Inc.* Accordingly, with regard to the cigarettes that were seized by State officials from KTKSB, the State did so pursuant to its police powers, and specifically I.C. § 24-3-5.4-22, which authorizes the seizure and requires forfeiture of "any [delisted] cigarettes that have been sold, offered for sale, or possessed for sale in Indiana." Thus, as a matter of law, the cigarettes were not seized for "public use" within the meaning of the Federal Takings Clause.

The same is true for the cigarettes that were not seized by Indiana officials that are still in KTKSB's possession. If actually "taking" the cigarettes is not a taking within the meaning of the Fifth Amendment, taking "constructive possession" of the cigarettes (as KTKSB alleges), by making them contraband and thus subject to seizure, also does not rise to the level of a constitutional taking under the Fifth Amendment. Accordingly, KTKSB's claims under the Federal and State Takings Clauses are dismissed. *See B & M Coal Corp. v. United Mine Workers of Am.*, 501 N.E.2d 401 (Ind. 1986) (applying same analysis to federal and state takings claims).[3]

### B. Due Process Claims

The State Defendants also argue that KTKSB's Federal and State Due Process claims should be dismissed, in part, because KTKSB was not deprived of a protected interest. "The Due Process Clause and Due Course of Law Clause prohibit state action which deprives a person of life, liberty, or property without the 'process' or 'course of law' that is due, that is, a fair proceeding." *Lake of the Woods v. Ralston*, 748 N.E.2d 396, 400 (Ind. Ct. App. 2001).

---

[3] Additionally, the parties analyze the federal and state claims together.

"Procedural due process claims require a two-step analysis. The first step requires us to determine whether the plaintiff has been deprived of a protected interest; the second requires a determination of what process is due." *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996); *see also Lake of the Woods*, 748 N.E.2d at 400 ("[O]ne claiming a violation of due process must show (1) that there was a state action, i.e. a governmental involvement in the alleged deprivation and (2) that the state action resulted in the deprivation of a protected interest.").

In this case, KTKSB alleges that the State Defendants "have taken from Plaintiff delisted cigarettes without due process," and "[t]he seizure of the delisted cigarettes by the State without due process violates the Fifth Amendment of the United States Constitution." Compl. at ¶¶ 71, 73. In other words, KTKSB contends that it has a protected interest "in the cigarettes it had lawfully purchased and that the Defendants seized."[4] KTKSB's Resp. at 21. After they were delisted, however, the cigarettes became illegal contraband. In this regard, Indiana Code § 24-3-5.4-24 provides that:

(a) A person shall not:

    (1) sell or distribute; or

    (2) acquire, hold, own, possess, transport, import, or cause to be imported; cigarettes that the person knows or should know are intended for distribution or sale in Indiana.

(b) A person who violates this section commits a Class C misdemeanor.

Additionally, federal law also prohibits the possession of "contraband cigarettes." 18 U.S.C. § 2342. Thus, KTKSB did not have a legal right to possess for sale the cigarettes that were seized by the state. Likewise, as a matter of law, KTKSB did not have a protected interest in the

---

[4] KTKSB's Due Process claims do not extend to the cigarettes that are still in its possession.

delisted cigarettes.[5] Accordingly, KTKSB's claims under the Federal and State Due Process Clauses are dismissed. *See Lake of the Woods*, 748 N.E.2d at 400, n.1 ("[T]he Due Course of Law requirement of Article 1, Section 12 of the Indiana Constitution is analogous to the Due Process Clause of the Fourteenth Amendment to the Federal Constitution.").[6]

## IV. CONCLUSION

For the reasons set forth above, the State Defendants' motion to dismiss is **GRANTED IN PART**. The Court's jurisdiction on KTKSB's remaining claims is based upon 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based upon state law that are closely related to the federal claims in a case. However, "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). There are exceptions to that general rule, and a district court should decide the merits of a supplemental state claim when (1) the statute of limitations has run, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the state claims should be decided. *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008). None of those exceptions apply here: remanding the case to Marion Superior Court will exacerbate any statute of limitations problems, none of this Courts resources have been expended on the state claims, and it does not appear to the Court that the proper resolution

---

[5] Also, KTKSB has not alleged that the criminal statute is unconstitutional or that the State is not permitted to criminalize the possession of contraband cigarettes. KTKSB only alleges that the State is required to pay for the cigarettes it seizes.

[6] Also, the parties analyze the federal and state claims together.

of the state law claims is so obvious as to overcome the presumption that remand is appropriate.[7]

Accordingly, the Court declines to exercise its supplemental jurisdiction over KTKSB's state law claims and **REMANDS** this matter to the Marion County Superior Court. **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Marion County Superior Court.**

SO ORDERED: 05/08/2014

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[7] To be clear, the Court makes no determination regarding the merits of KTKSB's claim for replevin.